UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**WILLIE WEST, JR.,**

    **Movant,**

v.                                                 Case No. 2:16-cv-05666
                                                   Case No. 2:07-cr-00052

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Movant, Willie West, Jr.'s (hereinafter "Defendant") Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 56). This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

On June 19, 2007, Defendant pled guilty to one count of witness tampering, in violation of 18 U.S.C. § 1512(a)(1)(C), and one count knowingly using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  On October 2, 2007, Defendant was sentenced to 15 years of imprisonment, followed by a three-year term of supervised release on Count One, and a consecutive term of ten years of imprisonment, followed by a five-year term of supervised

release on Count Two. Defendant was also ordered to pay restitution in the amount of $5,106.49 and a $200 special assessment. (ECF No. 47). Defendant did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit. Nor has he filed a prior motion under 29 U.S.C. § 2255.

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson 2015* changed the substantive reach of the ACCA, rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson 2015* announced a new substantive rule that applies retroactively to cases on collateral review.

On June 15, 2016, the Office of the Federal Public Defender for the Southern District of West Virginia was appointed to represent Defendant for the purpose of determining whether he is entitled to any relief under *Johnson 2015*. (ECF No. 54). On June 23, 2016, Defendant, by counsel, filed the instant Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 ("section 2255 motion"), asserting that the analysis in *Johnson 2015* also invalidates the residual clause contained in section 924(c)(3)(B), and that his crime of tampering with a witness does not otherwise qualify as a crime of violence under the force clause contained in section 924(c)(3)(A).[1] Consequently, he

---

[1] 18 U.S.C. § 924(c)(3) provides: "For purposes of this subsection, the term 'crime of violence' means an offense that is a felony and – (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another ['the force clause'], or (B) that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ['the residual clause']."

2

asserts that he is actually innocent of violating section 924(c) and that his conviction and consecutive sentence thereunder should be vacated. (ECF No. 56).[2]

On November 14, 2016, the United States of America ("the government") filed a Response to Defendant's section 2255 motion. (ECF No. 64). The government's Response asserts that Defendant's section 2255 motion is untimely and that his claim concerning his section 924(c) conviction and sentence is procedurally defaulted because his claim that his witness tampering offense does not meet the force clause contained in section 924(c)(3)(A) should have been raised in a direct appeal or a section 2255 motion filed within one year of his judgment becoming final. (*Id*. at 11-15). The Response further asserts that *Johnson 2015*, which dealt with the residual clause of the ACCA, does not extend to section 924(c) and, at any rate, the witness tampering offense meets the force clause of section 924(c), such that it remains a crime of violence thereunder. (*Id*. at 7-10, 15-24).

On February 2, 2017, Defendant, by counsel, filed a Reply (ECF No. 70), asserting that his claim is not barred by the procedural default doctrine, and that it is not untimely or premature because it involves the extension of a new substantive rule of constitutional law that enables him to seek collateral review within one year of such decision. (*Id*. at 7-9). Defendant further reiterates his argument that his witness tampering offense does not meet the force clause of section 924(c) and, thus, cannot serve as a crime of violence thereunder.

---

[2] Defendant's counsel filed a Memorandum of Law in support of the Emergency Motion (ECF No. 62) on October 14, 2016. However, he then filed a Corrected Memorandum of Law (ECF No. 67) on December 15, 2016. To the extent that Defendant's Memorandum of Law is referenced herein, the undersigned will cite to the Corrected Memorandum contained in ECF No. 67.

## APPLICABLE STATUTORY AUTHORITY

Section 2255(a) of Title 28 provides as follows:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255(a).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

*(1) the date on which the judgment of conviction becomes final*; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such motion by governmental action; *(3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review*; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 [Emphasis added].

## DISCUSSION

### A. Defendant's claim is timely and reviewable under section 2255.

On April 17, 2018, after the scheduled briefing herein concluded, the Supreme Court issued its opinion in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), holding that the residual clause contained in 18 U.S.C. § 16(b) is void for vagueness under a similar analysis to that in *Johnson 2015.* And, more importantly, on June 24, 2019, in *United*

*States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court extended the *Johnson 2015* vagueness analysis to the residual clause contained in 18 U.S.C. § 924(c)(3)(B).

In *Davis*, the Court rejected the government's argument that section 924(c)(3)(B)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. *Id.* at 2327-2336. Thus, the Court determined that, similar to the ACCA and section 16(b), section 924(c)(3) requires a categorical approach to determining whether a crime meets either the force clause contained in subsection (A) or the residual clause contained in subsection (B). Therefore, for the same reasons found by the Court in *Johnson* and *Dimaya*, the residual clause contained in section 924(c)(3)(B) has been declared void for vagueness. *Id.* at 2336; s*ee also United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (finding that the residual clause of section 924(c) is unconstitutionally vague based upon *Dimaya*).

The government herein has argued that Defendant's motion is untimely under section 2255(f)(1), or premature under section 2255(f)(3), because the Supreme Court has not rendered a decision that is retroactively applicable, such that it can be used to permit Defendant to seek relief under section 2255 at this juncture. However, as further addressed below, the undersigned believes that Defendant's claim is timely under 28 U.S.C. § 2255(f)(3) based upon *Johnson* and *Welch*.

The new substantive rule recognized by the Supreme Court in *Johnson*, which was declared retroactive by the Court in *Welch*, is extended by the Court to section 924(c) in *Davis* and, thus, it should also be considered to be retroactive to such cases on collateral review based upon *Welch*. 136 S. Ct. at 1259 ("new substantive rules do apply retroactively"); *see also United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010) ("2255 does not require that the initial retroactivity question be decided in the affirmative

5

*only* by the Supreme Court.")  Accordingly, the undersigned will consider *Davis* to be retroactive on collateral review and shall review Defendant's section 924(c) conviction and sentence thereunder.

Because Defendant's motion was filed within one year of the Supreme Court's decision in *Johnson*, which first set forth the new substantive rule, the undersigned proposes that the presiding District Judge **FIND** that his motion was timely under 28 U.S.C. § 2255(f)(3) ("The [one-year] limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").  Additionally, in light of the decisions in *Welch* and *Davis*, Defendant's motion is not premature.

Moreover, to the extent that the government asserts a procedural default defense concerning Defendant's claim that his witness tampering offense does not meet the force clause, the presiding District Judge should **FIND** that Defendant is able to establish cause for the failure to previously raise this claim, and prejudice therefrom, because the state of the law at the time of his conviction did not provide a "reasonable basis" for such challenge since the residual clause was a valid alternative means of determining the crime of violence element.  *See, e.g., United States v. Sabetta*, 221 F. Supp.3d 210, 225 (D.R.I. 2016); *cf. Reed v. Ross*, 468 U.S. 1 (1984) (setting forth circumstances in which the novelty of a constitutional claim provides cause for a defendant's failure to earlier raise the claim).

**B.     Defendant's witness tampering offense meets the force clause.**

Having found that Defendant's claim is reviewable in this section 2255 proceeding, the undersigned now turns to the substantive analysis of whether his conviction under section 924(c) was valid and whether the resulting consecutive ten-year sentence should

6

stand. As applicable herein, section 924(c) required the government to prove that Defendant committed a crime of violence and that he used or carried a firearm during and in relation thereto, or possessed such firearm in furtherance thereof. 18 U.S.C. § 924(c)(1)(A). Defendant does not dispute that he was properly convicted of the witness tampering charge in Count One of his Superseding Information (ECF No. 35).

Rather, Defendant asserts that, absent the residual clause in section 924(c)(3)(B), his witness tampering offense does not meet the force clause contained in section 924(c)(3)(A), and cannot otherwise serve as a crime of violence to support the 924(c) conviction for using or carrying a firearm during a crime of violence. Specifically, Defendant's Revised Memorandum of Law argues:

> The force clause under § 924(c)(3)(A) is virtually identical to the force clause used in § 924(e)(2)(B)(ii). As a consequence, federal courts have extended the definition of "use" of physical force as violent force from *Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265 [2010] (hereinafter "*Johnson 2010*")[3] and § 924(e)(2)(B)(ii) to 18 U.S.C. § 16(b) and § 924(c)(3)(A). [Citations omitted]. For a defendant to "use" violent force for the purpose of a crime of violence determination, the defendant must do so intentionally, not just recklessly or negligently. [Citations omitted].

(ECF No. 67 at 11). Defendant's Corrected Memorandum of Law then sets forth the text of the witness tampering statute under which he was convicted, 18 U.S.C. § 1512(a)(1)(C), which states as follows:

> (a)(1) Whoever kills or attempts to kill another person with intent to –
>
> (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;
>
> shall be punished as provided in paragraph (3).

---

[3] In *Johnson 2010*, the Supreme Court specified that "physical force" in the definition of a violent felony under the ACCA means "violent force," which is "force capable of causing physical pain or injury to another person." 559 U.S. at 140.

18 U.S.C. § 1512(a)(1)(C).  Thus, Defendant asserts that, at the time of his conviction, to be guilty of violating this statute, the government had to prove the following essential elements beyond a reasonable doubt:  (1) a killing or attempted killing; (2) committed with the intent to (a) "prevent" a "communication" (b) about "the commission or possible commission of a Federal offense" (c) to a federal "law enforcement officer or judge." *Fowler v. United States*, 563 U.S. 668, 672 (2011).  (ECF No. 67 at 12).  Defendant then contends that this language does not categorically meet the force clause, stating, "[u]nlike § 1512(a)(2) (which textually bases culpability on the use, attempted use, or threatened use of some degree or type of physical force), the plain text of § 1512(a)(1)(C) does not contain as a textual element <u>any</u> use or attempted use of physical force – much less the use or attempted use of violent force."  (*Id*. at 13).

Defendant further emphasizes that, "what triggers culpability under § 1512(a)(1)(C) is the end result – the killing or attempted killing of another person for a particular purpose, which can readily be achieved without the employment of any physical force or violent physical force as defined by *Johnson 2010*."  (*Id*.)  In making this argument, Defendant relies upon the Fourth Circuit's decisions in *United States v. Montes-Flores*, 736 F.3d 368-369 (4th Cir. 2013) and *United States v. Torres-Miguel*, 701 F.3d 1165 (4th Cir. 2012).[4]  Defendant recognizes that this argument that section

---

[4] In *Torres-Miguel*, the Fourth Circuit addressed whether a California threat conviction was a crime of violence for Guideline purposes.  The Court rejected the Ninth Circuit's conclusion that the offense involved force because it was required to result in death or great bodily injury.  Rather, the Fourth Circuit panel found that "a crime may result in death or serious bodily injury without involving the use of physical force[,]" pointing to poisoning as an example.  However, as noted by the government's Response and further addressed below, *Torres-Miguel* has essentially been abrogated by the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157, 134 S. Ct. 1405 (2014), in which the Court rejected the "poisoning-does-not-equal-physical-force" argument. (ECF No. 64 at 7-8).  Although *Castleman* addressed a misdemeanor domestic violence offense, which are often distinguishable from other violent crimes, the Fourth Circuit recently recognized *Castleman*'s abrogation of *Torres-Miguel* with respect to the indirect application of force in *United States v. Burns-Johnson*, 864 F.3d 313, 318 (4th Cir. 2017).  *See also United States v. Battle*,

8

1512(a)(1)(C), which requires a killing or attempted killing, is not inherently violent, is "plainly counterintuitive." (*Id.* at 13).

The government, on the other hand, asserts that the witness tampering offense does meet the force clause. Its Response states:

> Relying on the holding in *United States v. Montes-Flores*, 736 F.3d 368-369 (4th Cir. 2013) and *United States v. Torres-Miguel*, 701 F.3d 1165 (4th Cir. 2012), defendant here argues that one can violate § 1512(a)(1)(C) without the use of violent force. Defendant offers hypotheticals such as starving, smothering, or even directing someone down a dark path towards a concealed hazard that he alleges would trigger culpability under § 1512(a)(1)(C), but does not involve the use of force. However, the Supreme Court expressly declined to follow that rationale, and the rationale in *Torres-Miguel*, when it decided *United States v. Castleman*, 134 S. Ct. 1405 (2014). In *Castleman*, the Supreme Court rejected the notion that an indirect application of force does not constitute the use of physical force. *Castleman*, 134 S. Ct. at 1414-15. The Court held that the causing of "bodily injury" must necessarily result from application of "physical force." *Id.* at 1414. Although the district court in *Castleman* held that bodily injury could be caused "without the use of physical force" such as by "deceiving one into drinking a poisoned beverage, without making contact of any kind," *id.* at 1414, the Supreme Court stated that the force necessary to constitute a use of physical force "need not be applied directly to the body of the victim" and could result from "administering a poison or by infecting with a disease, or even by resorting to some intangible substance, such as a laser beam." *Id.* at 1414-15. Considering the example of poisoning, the force is not by "sprinkl[ing] the poison" but rather by "employing [it] knowingly as a device to cause physical harm." *Id.* at 1415.

(ECF No. 64 at 7-8). The government further asserts that "tampering with an informant" under 18 U.S.C. § 1512(a)(1)(C) also has such an element. (*Id.* at 10).

Defendant's Reply brief attempts to distinguish the government's argument concerning *Torres-Miguel* and *Castleman* based on the fact that *Castleman* involved a misdemeanor offense of domestic violence. His Reply states in pertinent part:

> Contrary to the United States' repeated assertions, [*Castleman*] did not overrule the Fourth Circuit's reasoning in [*Torres-Miguel*] with respect to

---

No. 18-6754, 2019 WL 2426493 (4th Cir. June 11, 2019) (the distinction between direct and indirect applications of force drawn in *Torres-Miguel* no longer stands).

>statutes like the ACCA and § 924(c)(3)(A). *See, e.g., Voisine v. United States*, 136 S. Ct. 2272, 2280 n.4 (2016); *United States v. Poindexter*, 2016 WL 6595919, \*\*4-5 (E.D. Va. Nov. 7, 2016) (Gibney, J.) (discussing the differences between the amount of force required for misdemeanor domestic violence vs. the ACCA, and noting observations in *McNeal* characterizing the government's argument as "dubious"). *Castleman* likewise does not dictate the government's position in this case – that some indirect use of no force at all (as a legal element) is sufficient to satisfy the force clause under § 924(c)(3)(A). The United States simply cannot get around the statute West was actually convicted of violating [FN 5 – as opposed to the multiple statutes the government initially charged and then attempted to plead him to have violated – *see* Dkt. No. 67 at 1-3.] – 18 U.S.C. § 1512(a)(1)(C) does not have as an element the attempted use, use, or threatened use of force that would bring it into the definition of a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) [sic; § 924(c)(3)(A)]. *See* Dkt. No. 67 at 11-13.

(ECF No. 70 at 15).

The Supreme Court's decision in *Davis* and the Fourth Circuit's en banc decision in *Simms* make it clear that courts must apply the categorical approach in determining whether a crime constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3). In the absence of the now-void residual clause, Defendant's witness tampering offense must categorically satisfy the force clause in order to serve as the underlying crime of violence for his section 924(c) conviction.

Although the undersigned has been unable to locate any authority specifically addressing the status of a section 1512(a)(1)(C) offense as a crime of violence since *Davis* was decided, based upon the distinction made in *Castleman* that violent physical force can be applied indirectly, and the finding therein that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force," 572 U.S. at 169, as well as the Supreme Court's recognition that murder is a "prototypically violent crime,"

*see James v. United States,* 550 U.S. 192, 208 (2007)[5], the undersigned proposes that the presiding District Judge **FIND** that the offense of tampering with a witness or informant, as set forth in 18 U.S.C. § 1512(a)(1)(C), which requires killing or attempted killing, is a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A). *See, e.g., United States v. Music*, No. 1:09-cr-00003-003, 2019 WL 2337392, *5 (W.D. Va. June 3, 2019) ("I find that committing federal witness tampering by attempting to kill a person is categorically a crime of violence under the force clause.")[6]; *United States v. Mathis*, No. 3:14-cr-00016, 2016 WL 8285758, *4 (W.D. Va. Jan. 25, 2016) ("Applying the Supreme Court's reasoning in *Castleman*, the court has no difficulty concluding that murder, even if by poison or starvation, requires the use of physical force against the victim such that it qualifies as a crime of violence under § 924(c)(3)(A)"); *United States v. Cuong Gia Le*, 206 F. Supp.3d 1134, 1147-48 (E.D. Va. 2016) ("defendant's two convictions under § 924(c) do not depend on the residual clause of § 924(c) because with respect to both convictions, at least one predicate offense – namely, murder, is a crime of violence pursuant to the force clause set forth in § 924(c)."). Accordingly, the undersigned

---

[5] Various courts have found murder and attempted murder to be crimes of violence. *See, e.g., Umana v. United States*, No. 3:08CR134-RJC-2, 2017 WL 373458, at *4 (W.D.N.C. Jan. 25, 2017) ("The conduct element of murder - 'an unlawful killing' – necessarily requires physical injury to the body of another person, even if the injury is no more than the cessation of that person's heart."); *United States v. Kirby*, No. CV016-524, 2017 WL 4539291, at *11 (D.N.M. Feb. 16, 2017) (finding that attempted first-degree murder under New Mexico law was a crime of violence because "[t]he definition of 'violent force' is simply 'force capable of causing physical pain or injury to another person'" and "it is impossible to cause death without applying physical force . . . ."); *Hernandez-Favale v. United States*, No. 16-cv-2098, 2018 WL 3490797, at *2 (D.P.R. July 18, 2018) (Puerto Rico case law establishes that murder and attempted murder categorically fit into the ACCA's force clause); *United States v. Crawford*, No. MJG-15-CR-0322, 2016 WL 4662334, at *6 (D. Md. Sept. 7, 2016) ("every court that has addressed the matter has held that murder is, categorically, a crime of violence.").

[6] In *Music*, the district court further found 18 U.S.C. § 1512 to be divisible and applied the modified categorical approach, permitting review of specified documents of record to determine the elements of the crime committed by the defendant therein. In the instant case, if the court were to agree that the statute is divisible and application of the modified categorical approach is permissible, Defendant's Superseding Information, to which he pled guilty, charged Defendant with attempting to kill an informant with the intent to prevent communication about an alleged federal crime to a law enforcement officer. (ECF No. 35 at 1).

proposes that the presiding District Judge **FIND** that Defendant's conviction under 18 U.S.C. § 1512(a)(1)(C) is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A), that he was properly convicted of a violation of 18 U.S.C. § 924(c)(1)(A), and that his consecutive ten-year sentence for that conviction is not in excess of the maximum authorized by law or imposed in violation of the Constitution or laws of the United States. Therefore, Defendant is not entitled to any collateral relief on this basis.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 56) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Copenhaver.

    The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

<u>July 31, 2019</u>

                                       Dwane L. Tinsley
                                       United States Magistrate Judge