```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

WILLIE WEST, JR.,

      Movant,

v.                                  Civil No. 2:16-cv-05666
                                   Criminal No. 2:07-cr-00052

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is the movant's Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255, filed on June 23, 2016, by his counsel, then-Federal Public Defender Christian M. Capece.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On July 31, 2019, the magistrate judge entered his PF&R recommending that the motion be denied, and that the civil action be dismissed from the court's docket. The movant filed objections on August 14, 2019, to which the United States did not reply.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

## I. Background

On June 19, 2007, the movant pled guilty in the above-cited criminal action to one count of witness tampering, in violation of 18 U.S.C. § 1512(a)(1)(C), and one count of knowingly using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

The movant was sentenced to fifteen years imprisonment followed by a three-year term of supervised release on the witness tampering count, and a consecutive term of ten years imprisonment followed by a five-year term of supervised release on the second count. He was also ordered to pay restitution in the amount of $5,106.49 and a $200 special assessment. He did not appeal his conviction or sentence.

In *United States v. Johnson*, 135 S. Ct. 2551 (2015)[1], the Supreme Court found the residual clause of the definition of "crime of violence" found in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), to be unconstitutionally vague. The movant thereafter filed the instant motion, arguing that *Johnson* also renders the similar definition of "crime of violence" found in 18 U.S.C. § 924(c)(3)(B) -- which applies to 18 U.S.C. § 924(c)(1)(a)(iii) -- unconstitutionally vague and that witness tampering therefore no longer constitutes a crime of violence under that statute.

Since then, the law on the issue has expanded. In 2018, the Supreme Court decided *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which expanded *Johnson* to find that the residual clause in the "crime of violence" definition of 18 U.S.C. § 16(b) is also unconstitutionally vague. Then, in 2019, the findings of *Johnson* and *Dimaya* were expanded further when the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319, which held that the residual clause of the "crime of violence" definition found in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague.

---

[1] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* constitutes a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

Without the residual clause, a crime only constitutes a crime of violence if it meets the requirements of 18 U.S.C. § 924(c)(3)(A), the "elements clause," which requires the crime to be a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" To determine whether a crime qualifies under the elements clause, "courts use . . . the 'categorical' approach. They look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." Simms, 914 F.3d at 233. Courts "consider only the crime as defined, not the particular facts in the case." Id.

Accordingly, the question here is whether witness tampering under 18 U.S.C. § 1512(a)(1)(C) has as an element the use, attempted use, or threatened use of physical force. The text of that statute makes it a crime to "kill[] or attempt[] to kill another person, with intent to . . . prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings[.]" 18 U.S.C. § 1512(a)(1)(C).

The magistrate judge, in thoroughly considering the issue, applied the appropriate caselaw and aptly determined that killing or attempted killing necessarily requires the use of physical force and that 18 U.S.C. § 1512(a)(1)(C) has as an element the use, attempted use, or threatened use of physical force, and is therefore a crime of violence.

## II. Objections

The movant raises five objections to the PF&R. First, the movant objects that: "the record does not establish that West's original conviction arose under the force clause." Obj. at 1. The defendant does not elaborate on this objection, but the court assumes the defendant is taking objection to the fact that it is unknown whether the trial judge relied on the residual clause or the force clause when determining whether the defendant had committed a crime of violence. Such objection is unfounded. If the underlying conviction satisfies the force clause, as the magistrate judge found it did, then it is an underlying § 924(c)(3)(A) predicate and the residual clause is irrelevant. See United States v. Winston, 850 F.3d 677, 680 (4th Cir. 2017) ("even though the residual clause is void, the force clause and the enumerated crimes clause remain[] valid as defining the scope of a predicate violent felony." (citing Johnson, 135 S. Ct. at 2563)). This objection is overruled.

Second, the movant objects on that ground that "the U.S. Magistrate Judge has acknowledged that there is no controlling case stating that witness tampering is a crime of violence under § 924(c)(3)(A)." Obj. at 1. There being no such precedence, however, does not constrain the magistrate judge from conducting his own thoughtful analysis. Moreover, such objection is now moot insofar as the Fourth Circuit published an opinion the same day the magistrate judge entered his PF&R, which found that federal witness tampering by murder under 18 U.S.C. § 1512(a)(1)(C) is categorically a crime of violence. See United States v. Mathis, 932 F.3d 242, 265 (4th Cir. 2019). In Mathis, the Fourth Circuit stated:

> we conclude that the crime of first-degree murder under Virginia law qualifies categorically as a crime of violence under the force clause, and we affirm the capital defendants' Section 924(c) convictions that are based on the commission of this Virginia offense.
>
> Likewise, because federal witness tampering by murder also requires the unlawful killing of another, which may be accomplished by force exerted either directly or indirectly, we find no merit in the capital defendants' challenge to their federal witness tampering convictions under 18 U.S.C. § 1512(a)(1)(C). Accordingly, we affirm the Section 924(c) convictions predicated on the capital defendants' convictions for federal witness tampering by murder, in violation of Section 1512(a)(1)(C).

Id., at 265 (internal citation and footnote omitted). This objection is overruled.

Third, the movant objects to the magistrate judge's reasoning for finding witness tampering under § 1512(a)(1)(C) to be a crime of violence, specifically taking issue with "the premise that 'causing bodily injury must necessarily result from the application of physical force[.]'" Obj. at 1. However, as just stated, the Fourth Circuit has held that witness tampering under § 1512(a)(1)(C) is categorically a crime of violence, and the court is bound by that decision.

Fourth, the movant objects to the court finding that the witness tampering statute is divisible. However, the Fourth Circuit rejected this argument as well in Mathis: "Because this offense can be committed in various ways, the statute is divisible. However, we need not apply the modified categorical approach here, because the parties agree and the record establishes that the capital defendants were convicted of witness tampering by means of murder under Section 1512(a)(1)(C)." 932 F.3d at 265 n. 12. This objection is overruled.

Fifth, the movant objects to the magistrate judge's interpretation of United States v. Castelman, 572 U.S. 157 (2014), see PF&R at 8 n. 4, and his reliance thereon in determining that the movant's witness tampering conviction is a crime of violence. Again, the court rejects this argument based

on the binding precedent of the Fourth Circuit in <u>Mathis</u> which states that witness tampering under § 1512(a)(1)(C) is a crime of violence.

### III. Conclusion

The court, accordingly, ORDERS as follows:

1. That the movant's objections to the PF&R be, and they hereby are, overruled;

2. That the magistrate judge's Proposed Findings and Recommendation be, and hereby are, adopted and incorporated in full;

3. That movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be, and hereby is, denied; and

4. This case be, and hereby is, dismissed from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

Enter: August 29, 2019

John T. Copenhaver, Jr.
Senior United States District Judge